

DEPARTMENT OF THE INTERIOR
U.S. FISH AND WILDLIFE SERVICE

**FEDERAL FISH AND WILDLIFE PERMIT**

Form 3-201 (1/97)

**2. AUTHORITY-STATUTES**
16 USC 1539(a)

**REGULATIONS (Attached)**
50 CFR 17.22
50 CFR 13

**3. NUMBER**
TE111380-0

**4. RENEWABLE:** ☒ YES ☐ NO
**5. MAY COPY:** ☒ YES ☐ NO

**6. EFFECTIVE:** 04/24/2006
**7. EXPIRES:** 12/31/2006

**1. PERMITTEE**
WISCONSIN DEPARTMENT OF NATURAL RESOURCES
101 SOUTH WEBSTER STREET
P O BOX 7921
MADISON, WI 53707-7921
U.S.A.

**8. NAME AND TITLE OF PRINCIPAL OFFICER** (if #1 is a business)
LAURIE OSTERNDORF
DIVISION ADMINISTRATOR

**9. TYPE OF PERMIT**
ENDANGERED SPECIES

**10. LOCATION WHERE AUTHORIZED ACTIVITY MAY BE CONDUCTED**
THROUGHOUT THE STATE OF WISCONSIN.

**11. CONDITIONS AND AUTHORIZATIONS:**

A. GENERAL CONDITIONS SET OUT IN SUBPART D OF 50 CFR 13, AND SPECIFIC CONDITIONS CONTAINED IN FEDERAL REGULATIONS CITED IN BLOCK #2 ABOVE, ARE HEREBY MADE A PART OF THIS PERMIT. ALL ACTIVITIES AUTHORIZED HEREIN MUST BE CARRIED OUT IN ACCORD WITH AND FOR THE PURPOSES DESCRIBED IN THE APPLICATION SUBMITTED. CONTINUED VALIDITY, OR RENEWAL, OF THIS PERMIT IS SUBJECT TO COMPLETE AND TIMELY COMPLIANCE WITH ALL APPLICABLE CONDITIONS, INCLUDING THE FILING OF ALL REQUIRED INFORMATION AND REPORTS.

B. THE VALIDITY OF THIS PERMIT IS ALSO CONDITIONED UPON STRICT OBSERVANCE OF ALL APPLICABLE FOREIGN, STATE, LOCAL OR OTHER FEDERAL LAW.

C. VALID FOR USE BY PERMITTEE NAMED ABOVE.

C.1. PERMIT IS ALSO VALID FOR THE FOLLOWING INDIVIDUALS: WDNR PERSONNEL: ADRIAN WYDEVEN (PROGRAM COORDINATOR) BRUCE KOHN, RONALD SCHULTZ, RICHARD THIEL, GREG KESSLER, SHAWN ROSSLER, TIM VAN DEELEN, ELLEN HEILHECKER, TODD NAAS, BRUCE BACON, KENNETH JONAS, WAYNE HALL, THOMAS GEHRING, DARBY MURPHY, AARON BUCHOLZ, AND MICHELE WINDSOR; HO CHUNK PERSONNEL: WILL QUACKENBUSH, RONALD ANWASH, AND JOHN BLACKDEER; MENOMINEE PERSONNEL: DONALD REITER AND BRENDA NORDIN; USDA-APHIS-WILDLIFE SERVICES PERSONNEL: JASON SUCKOW (STATE DIRECTOR), ROBERT WILLGING (SUPERVISOR FOR NORTHERN WS DISTRICT), JOHN SHIVIK, KELLY THIEL, CHAD ALBERG, JAMES ROLLMAN, ED ZYDZIK, WALTER FOLLIS, JAMES MILLER, ERIC FROMM, JEREMY IRISH, PHIL PETERSON, BARRY BENSON, DAVID RUID, CHARLES LOVELL (SUPERVISOR FOR SOUTHERN WS DISTRICT) MIKE EDWARDS, MARK KERR, JOHN NUCE, MIKE PETRIE, DAN HIRCHERT, AARON FREUND, JOHN CARBONARI, JIM THARMAN, BOB SEEFELDT, WESTON SCHMIDT, AND DE WAYNE SOBL. ADDITIONAL ASSISTANTS NOT NAMED MAY WORK UNDER THE DIRECT AND ON-SITE SUPERVISION OF NAMED PERMITTEES.

D. ACCEPTANCE OF THIS PERMIT SERVES AS EVIDENCE THAT THE PERMITTEE AND ITS AUTHORIZED AGENTS UNDERSTAND AND AGREE TO ABIDE BY THE TERMS OF THIS PERMIT AND ALL SECTIONS OF TITLE 50 CODE OF FEDERAL REGULATIONS, PARTS 13 AND 17, PERTINENT TO ISSUED PERMITS. SECTION 11 OF THE ENDANGERED SPECIES ACT OF 1973, AS AMENDED, PROVIDES FOR CIVIL AND CRIMINAL PENALTIES FOR FAILURE TO COMPLY WITH PERMIT CONDITIONS.

E. Permittee is authorized to take an unlimited number of wolves throughout Wisconsin for the purpose of research, monitoring, and abatement activities in accordance to the following conditions:

E.1. Trapping, and retrapping, of wolves shall be conducted using number 4, 14, or 7 McBride-Button foot-hold traps, LDR 7.5 foot-hold, and cable restraints.

E.2. Chemically immobilize and radio-collar adult, yearling, and pup (over 30 pounds) wolves. Depredating wolves may be fitted with radio-collars or ear tagged, and tracked as needed to successfully resolve complaints.

☒ ADDITIONAL CONDITIONS AND AUTHORIZATIONS ALSO APPLY

**12. REPORTING REQUIREMENTS**
ANNUAL REPORT DUE: 1/31

**ISSUED BY:** [signature]
**TITLE:** PROGRAM MANAGER, TE/HC
**DATE:** 04/24/2006

Exhibit A-1

E.3. Collect blood and other minor tissue samples, carry out routine non-invasive health assessment procedures, administer standard medications to combat health problems, and affix ear tags to all wolves captured.

E.4. Aerially radio-track radio-tagged wolves at daily to weekly intervals.

E.5. Remove and relocate depredating wolves in response to verified landowner complaints.

E.6. Attach electronic avoidance collars, or similar devices, to condition potentially depredating wolves to avoid livestock facilities.

E.7. Place self attaching radio collars with cable restraint devices to allow wolves to walk through and become radio tagged.

E.8. Harass wolves with rubber bullets, other nonlethal projectile devices, or other devices intended to scare wolves and provide aversive conditioning to bold or habituated wolves.

F. Permittee is authorized to take a maximum of 43 wolves for depredation control in accordance to the April 17, 2006 coordination letter to the Great Lakes Indian Fish and Wildlife Commission (attached) and with the following conditions:

   F.1. The depredation occurred on lawfully present domestic animals, including livestock as defined by the Wisconsin Wolf Management Plan. Lethal control shall not be used when wolves kill dogs that are free-roaming, hunting, or training on public lands.

   F.2. Lethal wolf control is preceded by verification that wolves were involved in the depredation. Such verification shall be made by individuals covered by this permit and will follow Wisconsin DNR guidelines for lethal control of depredating wolves (Wisconsin Guidelines for Conducting Depredation Control on Wolves in Wisconsin While Federal listed as "Threatened" or "Endangered" Status).

   F.3. Depredation at the site is likely to continue in the immediate future if the depredating wolf or wolves are not removed.

   F.4. Wolf handling and euthanizing are carried out in a humane manner.

   F.5. Depredation control activities must occur within ½ mile of the depredation site.

   F.6. Traps and cable restraints are checked at least every 24 hours.

   F.7. Young of the year captured before August 1 are released near the capture site.

   F.8. A lactating female found depredating trapped before June 1 must be released near the capture site, unless it has been involved in a previous depredation event, in which case it may be euthanized.

   F.9. Depredation control activities within tribal reservation boundaries are coordinated with tribal natural resource personnel, and opportunities provided for tribal involvement in the verification investigation. In cases when trapped wolves are believed to be primarily residents of a reservation, and if requested by tribal authorities, consideration shall be given to non-lethal control measures upon the first depredation incident.

   F.10 If a verified depredation has not occurred in the current calendar year, lethal control shall only proceed in accordance to Conditions E.1. through E.9. and with the following:

   - Verified depredation occurred at the site, or in the immediate vicinity, during the previous year.
   - There is strong evidence one or more members of the depredating pack has remained in the area since the verified depredation.
   - Based on wolf behavior and other factors, the depredation is likely to be repeated.
   - Trapping is conducted in a location and in a manner to minimize the likelihood a wolf or wolves from a non-depredating pack is captured.

G. Accidental serious injury or mortality resulting from trapping activities to young of the year prior to August 1 may not exceed 5 individuals. In the event this number is met, all trapping activities shall cease. Such mortalities and serious injuries shall be reported to FWS as specified below within 5 calendar days.

Exhibit A-2

H. Wolves trapped under provisions of this permit that would otherwise result in their release back to the wild may be euthanized when they have moderate to severe signs of mange or other serious contagious diseases that are likely to result in their death or the death of other wolves. A maximum of 3 cases of such euthanization is authorized by this permit.

I. A maximum of 10 wolves that are severely injured or are in very poor condition as a result of activities or situations not related to permitted activities may be euthanized.

J. Prior to June 1, lethal take of lactating females may not exceed 1 individual. Capture of lactating females prior to June 1, regardless of their condition at the time of their release, shall be reported to FWS within 5 calendar days.

K. The authority for lethal depredation control can be delegated to U.S. Department of Agriculture - Wildlife Services and Tribal Natural Resources Agencies. These agents are subject to the same conditions and reporting requirements described above.

L. Wolf trapping and handling by all personnel working under this Permit shall follow Wisconsin Department of Natural Resources wolf trapping and handling protocols, which will be revised to incorporate new information and techniques as appropriate.

M. All trappers working under this permit shall be trained in, and receive annual refresher courses in the trapping, chemical immobilization, and medical handling of animals, with emphasis on wolves, to minimize accidental injury and death to wolves.

N. All mortalities and serious injuries, whether intentional or incidental, shall be reported to the Service's Region 3 Endangered Species Permits Biologist (permitsR3ES@fws.gov), the Green Bay Field Office (joel_trick@fws.gov) within 5 calendar days. Notification by e-mail is sufficient. Wolves, or wolf parts, so taken may be transferred to Native Americans for religious and/or cultural purposes, public educational use, or scientific research purposes. A copy of this Permit, or a letter of authorization from this office, must be retained with all specimens so transferred. All requests for carcasses must be made in writing. Specimens not suitable, or not needed, for such use must be destroyed.

O. An annual report of activities conducted under the authority of this permit is due on January 31, 2007. Failure to furnish any reports that are required by this permit is cause for permit revocation and/or denial of future permit applications. At a minimum, your reports shall include:

   O.1. The date, location, age, sex, ear tag number and general description of the physical condition of each wolf captured.

   O.2. Description of any medications administered to captured wolves.

   O.3. The disposition of any wolves injured, killed, salvaged, held and transported.

   O.4. The results of any blood analysis.

   O.5. The results of efforts to address and resolve depredation issues, including repeat depredations by wolves.

   O.6. A summary that includes the following for each wolf incidental and intentional injury or mortality that occurred (incidental and intentional mortality should be addressed separately in the report):

   - Date and time of the taking.
   - Name of any persons involved in the takings.
   - Circumstances surrounding any taking, including the stimulus for the taking, and/or human activities involved.
   - The behavioral responses of any gray wolves trapped and released.
   - Actions taken to avoid or minimize taking.

Exhibit A-3

P. Copies of your reports shall be sent to the offices listed below. When possible, electronic copies shall be submitted in lieu of hard copies in MS Word, Rich Text Format, or other file format that is compatible with the receiving office.

   P.1. Pete Fasbender
        Regional Permits Coordinator
        U.S. Fish and Wildlife Service, Region 3
        Ecological Services Operations
        1 Federal Drive
        Fort Snelling, Minnesota 55111-4056
        (612/713-5343; fax 612/713-5292)
        permitsR3ES@fws.gov

   P.2. Joel Trick
        U.S. Fish and Wildlife Service
        Ecological Services Field Office
        2661 Scott Tower Drive
        New Franken, WI 54229
        (920-866-1737; 920-866-1710)

   P.3. Randy Jurewicz
        Endangered Species Coordinator
        Bureau of Endangered Resources
        Wisconsin Department of Natural Resources
        Box 7921
        Madison, WI 53707-7921
        (608/267-7507)

cc: FWS/Green Bay Field Office
    Wisconsin DNR, Endangered Species Coordinator

**END**

Exhibit A-4