

**UNITED STATES | ENGLAND | GERMANY | CHINA**

SANNE KNUDSEN
sknudsen@faegre.com
(612) 766-7956

May 9, 2006

**By Facsimile and Certified Mail**
**Return Receipt Requested**

Lynn Scarlett, Acting Secretary
U.S. Department of Interior
1849 C Street, N.W.
Washington, D.C. 20240

H. Dale Hall, Director
U.S. Fish and Wildlife Service
1849 C Street, N.W.
Washington, D.C. 20240

> Re:   Notice of Intent to Sue for Violating the Endangered Species Act by
> Issuing a Section 10(a)(1)(A) Permit to the Wisconsin Department of
> Natural Resources

Dear Acting Secretary Scarlett and Director Hall:

The Humane Society of the United States, Sierra Club, Animal Protection Institute,
Friends of Animals and Their Environment ("FATE"), Help Our Wolves Live ("HOWL"),
Indigenous Environmental Network, Klamath Forest Alliance, and RESTORE: the North
Woods hereby serve notice that the U.S. Department of Interior and U.S. Fish and Wildlife
Service (collectively "Interior") are in violation of the Endangered Species Act ("ESA"), 16
U.S.C. § 1531 et. seq., by issuing a permit to the Wisconsin Department of Natural
Resources that authorizes the taking of endangered wolves for depredation control purposes.
The permit was issued to the Wisconsin Department of Natural Resources on April 24, 2006.

The permit was issued under ESA Section 10(a)(1)(A), which allows the FWS to
authorize the taking of endangered species "for scientific purposes or to enhance the
propagation or survival of the affected species." 16 U.S.C. § 1539(a)(1)(A). By authorizing
lethal taking for the purpose of depredation control under ESA Section 10(a)(1)(A), the FWS
dramatically and unlawfully expands a narrow exception to the ESA's otherwise strict
prohibition against killing, harassing, or harming endangered species. See 16 U.S.C. §
1538(a) (setting forth prohibition against taking of endangered species); 16 U.S.C. §
1532(19) (defining "take" broadly to include "harass, harm, pursue, hunt, shoot, wound, kill,

**Exhibit J-1**

Lynn Scarlett, Acting Secretary
H. Dale Hall, Director
May 9, 2006
Page 2

trap, capture, or collect or to attempt to engage in any such conduct"). Moreover, the Section 10(a)(1)(A) permit authority is being used as a backdoor way of continuing the Section 4(d) depredation control regulations that were enjoined by <u>Defenders of Wildlife v. Norton</u>, 354 F. Supp. 2d 1156 (D. Or. 2005).

The issuance of a Section 10(a)(1)(A) permit to allow the killing of healthy wolves to reduce livestock depredation turns the ESA on its head. Section 10(a)(1)(A) was intended to provide for scientific research, captive breeding, and other affirmative population enhancement programs. Neither the ESA nor its legislative history support the conclusion that Section 10(a)(1)(A) should be interpreted to allow the killing of an endangered species in order to temper public attitudes or reduce livestock depredation.

Unless the permits are rescinded or suspended, we intend to file suit after 60 days. <u>See</u> 16 U.S.C. § 1540(g) (allowing citizens to file suit 60 days after written notice of a violation has been submitted to the Secretary and any alleged violator).

Sincerely,

Sanne H. Knudsen

MI-1260421.04

**Exhibit J-2**