**Safari Club International and Safari Club International Foundation Motion to Intervene**

# Exhibit "A"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al<br><br>Plaintiffs,<br>v.<br><br>DIRK KEMPTHORNE, Secretary of the Interior, et al.<br><br>Defendants<br><br>and<br><br>SAFARI CLUB INTERNATIONAL<br>4800 West Gates Pass Road<br>Tucson, Arizona 85745<br><br>and<br><br>SAFARI CLUB INTERNATIONAL FOUNDATION<br>4800 West Gates Pass Road<br>Tucson, Arizona 85745<br><br>Defendant-Intervenor Applicants | ) | No. 1:06-cv-01279(CKK) |

**ANSWER OF SCI AND SCIF TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Safari Club International ("SCI") and Safari Club International Foundation ("SCIF"), (collectively "SCI") by and through counsel, answer, upon information and belief, the individually numbered paragraphs in Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

SCI and SCIF answer each paragraph of the Complaint without waiving but expressly reserving, all rights that they may have to seek relief by appropriate motions.

**INTRODUCTION**

1. To the extent that Paragraph 1 sets forth conclusions of law, no response is required. To the extent a response is required, the statutory

and regulatory provisions cited in Paragraph 1 speak for themselves and are the best evidence of their content. To the extent that Paragraph 1 sets forth factual allegations, these allegations are denied.

2. It is admitted that on April 24, 2006, the FWS issued a Section 10(a)(1)(A) permit to the Wisconsin Department of Natural Resources. To the extent that Paragraph 2 sets forth conclusions of law, no further response is required. To the extent that Paragraph 2 attempts to paraphrase the contents of the permit, that permit speaks for itself and is the best evidence of its own content. To the extent that Paragraph 2 sets forth additional factual allegations, these allegations are denied.

3. To the extent that Paragraph 3 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 3 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 3 sets forth additional factual allegations, these allegations are denied.

4. To the extent that Paragraph 4 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 4 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 4 sets forth additional factual allegations, these allegations are denied.

**JURISDICTION AND VENUE**

5. To the extent that Paragraph 5 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 5 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 5 sets forth additional factual allegations, these allegations are denied.

6. To the extent that Paragraph 6 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 6 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 6 sets forth additional factual allegations, SCI and SCIF lack sufficient knowledge or information to form a belief as to the truth of the allegations.

7. To the extent that Paragraph 7 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 7 speak for themselves

and are the best evidence of their own content. To the extent that Paragraph 7 sets forth additional factual allegations, these allegations are denied.

8. SCI and SCIF lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiffs' Complaint. To the extent that any response is required, the allegations are denied.

9. SCI and SCIF lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of Plaintiffs' Complaint. To the extent that any response is required, the allegations are denied.

10. SCI and SCIF lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of Plaintiffs' Complaint. To the extent that any response is required, the allegations are denied.

11. SCI and SCIF lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiffs' Complaint. To the extent that any response is required, the allegations are denied.

12. SCI and SCIF lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiffs' Complaint. To the extent that any response is required, the allegations are denied.

13. SCI and SCIF lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiffs' Complaint. To the extent that any response is required, the allegations are denied.

14. SCI and SCIF lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiffs' Complaint. To the extent that any response is required, the allegations are denied.

15. SCI and SCIF lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 of Plaintiffs' Complaint. To the extent that any response is required, the allegations are denied.

16. It is admitted that Defendant Dirk Kempthorne is the Secretary of Interior and that H. Dale Hall is the Director of the U.S. Fish and

Wildlife Service. The remaining allegations of Paragraph 16 are conclusions of law to which no response is required. To the extent that any further response is required, the allegations of Paragraph 16 are denied.

## STATUTORY AND REGULATORY BACKGROUND

17. To the extent that Paragraph 17 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions and judicial opinions referred to in Paragraph 17 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 17 sets forth additional factual allegations, these allegations are denied.

18. To the extent that Paragraph 18 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 18 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 18 sets forth additional factual allegations, these allegations are denied.

19. To the extent that Paragraph 19 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory and regulatory provisions referred to in Paragraph 19 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 19 sets forth additional factual allegations, these allegations are denied.

20. Admitted.

21. To the extent that Paragraph 21 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 21 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 21 sets forth additional factual allegations, these allegations are denied.

22. To the extent that Paragraph 22 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 22 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 22 sets forth additional factual allegations, these allegations are denied.

23. To the extent that Paragraph 23 sets forth conclusions of law, no further response is required. To the extent that a response is required, the

statutory provisions referred to in Paragraph 23 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 23 sets forth additional factual allegations, these allegations are denied.

**FACTS**

24. SCI and SCIF admit that on April 1, 2003, the FWS issued the Final Rule to Reclassify and Remove the Gray Wolf from the List of Endangered and Threatened Wildlife in Portions of the Conterminous United States, 68 Fed. Reg. 15804 (April 1, 2003) ("Final Rule"). The remaining allegations of Paragraph 24 are characterizations of the Final Rule which is the best evidence of its own content. To the extent that Paragraph 24 sets for additional factual allegations, these allegations are denied.

25. To the extent that Paragraph 25 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 25 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 25 sets forth additional factual allegations, these allegations are denied.

26. SCI and SCIF admit that on January 31, 2005, a federal Court in Oregon issued an order in the matter of *Defenders of Wildlife v. Norton*, 354 F. Supp. 2d 1156 (D.Or. 2005) and that the FWS filed and then later dismissed an appeal of that decision. To the extent that any further response is required, that judicial opinion and order speak for themselves and are the best evidence of their own content. To the extent that Paragraph 26 contains conclusions of law, no further response is required.

27. To the extent that Paragraph 27 attempts to paraphrase a permit application submitted by Wisconsin to the FWS, the contents of the permit application that Wisconsin did submit speak for themselves and are the best evidence of the documents content. To the extent that Paragraph 27 attempts to paraphrase the permit that the FWS issued to Wisconsin, that permit speaks for itself and is the best evidence of its own content. To the extent that Paragraph 27 sets forth any additional factual allegations, these allegations are denied.

28. SCI and SCIF admit that several organizations brought suit to challenge the authority granted by the FWS to the state of Wisconsin and that a District Court for the District of Columbia entered a ruling during the September 13, 2005 preliminary injunction hearing. To the

extent that Paragraph 28 attempts to paraphrase the ruling entered by Judge Huvelle, that opinion speaks for itself and is the best evidence of its own content. To the extent that Paragraph 28 sets forth any conclusions of law, no further response is required.

29. SCI and SCIF admit that Wisconsin submitted a Section 10(a)(1)(A) permit application to the FWS on September 14, 2005, that the permit application was published in the Federal Register and that public comment was solicited. To the extent that Paragraph 29 attempts to paraphrase the contents of the permit application, or Federal Register notices, those documents speak for themselves and are the best evidence of their own content. To the extent that Paragraph 29 sets for conclusions of law, no further response is required. To the extent that Paragraph 29 sets forth any further factual allegations, those allegations are denied.

30. Admitted.

31. Admitted.

32. SCI and SCIF admit that, on April 24, 2006, the FWS issued a Section 10(a)(1)(A) permit to Wisconsin. To the extent that Paragraph 32 attempts to paraphrase the contents of that permit and/or the Set of Findings, those documents speak for themselves and are the best evidence of their own content. To the extent that Paragraph 32 sets forth any further factual allegations, those allegations are denied.

33. To the extent that Paragraph 33 attempts to paraphrase the contents of the permit issued by the FWS to Wisconsin, statutory and regulatory provisions, a Federal Register notice, and the judicial opinion in Defenders of Wildlife v. Norton, 354 F. Supp.2d 1156 (D. Or. 2005), those documents speak for themselves and are the best evidence of their own content. To the extent that Paragraph 33 sets forth conclusions of law, no further response is required. To the extent that Paragraph 33 sets forth any further factual allegations, those allegations are denied.

34. To the extent that Paragraph 34 attempts to paraphrase the contents of the documents issued by the FWS to Wisconsin, those documents speak for themselves and are the best evidence of their own content. To the extent that Paragraph 34 sets forth any further factual allegations, those allegations are denied. To the extent that Paragraph 34 sets forth conclusions of law, no further response is required.

35. SCI and SCIF admit that the FWS has issued a Section 10(a)(1)(A) permit to Michigan. That permits speaks for itself and is the best

evidence of its own content. To the extent that Paragraph 35 paraphrases the contents of a Federal Register notice, a permit application and a judicial opinion, those documents each speak for themselves and are the best evidence of their own content. To the extent that Paragraph 35 contains conclusions of law, no further response is required. To the extent that Paragraph 35 makes any further factual allegations, those allegations are denied.

36. To the extent that Paragraph 36 paraphrases the FWS's Set of Findings, that Set of Findings speaks for itself and is the best evidence of its own content. SCI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 36. To the extent that any further response is required, the allegations of Paragraph 36 are denied.

37. To the extent that Paragraph 37 contains conclusions of law, no further response is required. To the extent that Paragraph 37 makes factual allegations, those allegations are denied.

38. To the extent that Paragraph 38 contains conclusions of law, no further response is required. To the extent that Paragraph 38 makes factual allegations, those allegations are denied.

39. SCI and SCIF admit that Plaintiffs sent the FWS a 60 letter, noticing Plaintiffs' intent to sue. That letter speaks for itself and is the best evidence of its own content. To the extent that Paragraph 39 contains conclusions of law, no further response is required. To the extent that Paragraph 39 makes factual allegations, those allegations are denied.

**COUNT I**

40. SCI incorporates, by reference, its forgoing responses to Paragraphs 1-39 of Plaintiffs' Complaint.

41. Paragraph 41 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.

42. Paragraph 42 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.

43. Paragraph 43 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.

44. Denied.

45. Paragraph 45 of Plaintiffs' Complaint constitutes a conclusion of law to which no further response is required.

The final paragraphs of Plaintiffs' Complaint consist of a prayer for relief to which no further response is required. To the extent that any response is required, SCI and SCIF deny the prayer for relief.

Any allegations not expressly admitted or responded to are hereby denied.

**AFFIRMATIVE DEFENSES**

1. This Court lacks subject matter jurisdiction over this matter.

2. Plaintiffs have failed to challenge a final agency action upon which relief may be granted.

3. Plaintiffs have not exhausted their administrative remedies prior to bringing this action.

4. Plaintiffs have asserted claims that are not ripe and/or are not a justiciable case or controversy.

5. Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, SCI and SCIF respectfully request that this Court grant judgment in favor of defendants and Defendant Intervenors, that the Complaint be dismissed with prejudice, that Defendants and Defendant-Intervenors be awarded costs and attorneys fees incurred in defense of this action, and that the Court grant all other relief to Defendants and Defendant Intervenors deemed just and proper.

Dated August 1, 2006.

Respectfully Submitted,

/s/ Anna M. Seidman

Anna M. Seidman
(D.C. Bar No. 417091)
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202)-543-8733
Facsimile: (202)-543-1205
aseidman@sci-dc.org
Counsel for
Safari Club International and
Safari Club International Foundation

Douglas S. Burdin
(D.C. Bar No. 434107)
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202)-543-8733
Facsimile: (202)-543-1205
dburdin@sci-dc.org
Counsel for
Safari Club International and
Safari Club International Foundation