UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMANE SOCIETY OF THE UNITED STATES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, <br> Secretary of the Interior, *et al.*, <br><br> Defendants. | Civil Action No. 06–1279 (CKK) |

**MEMORANDUM OPINION**
(August 9, 2006)

Safari Club International and Safari Club International Foundation (hereinafter, "SCI") filed a [11] Motion to Intervene as a Defendant in the instant case. Neither Plaintiffs nor Defendants take a position with respect to SCI's Motion. *See* Mot. Intervene at 2. SCI files its Motion pursuant to Federal Rule of Civil Procedure 24(a), or alternatively, pursuant to Rule 24(b). Based on the Motion before the Court and the relevant statutes and case law, the Court shall GRANT SCI's [11] Motion to Intervene as a Defendant pursuant to Federal Rule of Civil Procedure 24(a)(2).

**I. BACKGROUND**

At issue in the instant case is the legality of a lethal depredation control program allowing up to forty-three endangered wolves to be killed in Wisconsin pursuant to a permit issued by the United States Fish and Wildlife Service ("FWS") with the purpose of fostering greater social tolerance for wolves. On July 19, 2006, Plaintiffs filed a Complaint for injunctive and declaratory relief. Plaintiffs then filed a [5] Motion for Preliminary Injunction on July 25, 2006,

requesting that the Court enjoin Defendants, their employees, agents, and all others acting in concert or participation with Defendants from both allowing the killing of gray wolves pursuant to the lethal depredation control provisions of Permit No. TE111360-0 and from killing gray wolves pursuant to the same. Defendants filed an Opposition to Plaintiffs' Motion for Preliminary Injunction on August 1, 2006, the same day on which SCI filed its Motion to Intervene and proposed Opposition to Plaintiffs' Motion for Preliminary Injunction. Plaintiffs filed a Reply on August 3, 2006.

### II: LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2), which allows a nonparty to apply to intervene in an action as of right, provides, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

Fed. R. Civ. P. 24(a)(2). Unequivocally, the recognized requirements for intervention as of right in this Circuit are: (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; (4) lack of adequate representation by existing parties; and (5) Article III Standing. *See Fund for Animals, Inc. v.* Norton, 322 F.3d 728, 731–32 (D.C. Cir. 2003); *Smoke v. Norton,* 252 F.3d 468, 470 (D.C. Cir. 2001); *Williams & Humbert, Ltd. v. W & H Trademarks, Ltd.,* 840 F.2d 72, 74 (D.C. Cir. 1988); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). On the issue of lack of adequate representation by the existing parties, SCI need only "show that representation of [its] interest[s] 'may be' inadequate." *Trbovich v. United Mine Workers of*

*America*, 404 U.S. 528, 538 n.10 (1972); *see also Southern Utah Wilderness Alliance v. Norton*, 2002 US DIST LEXIS 27414 ** 17–18 (D.D.C.).

### III:  DISCUSSION

SCI has met the aforementioned criteria necessary to intervene as of right as a defendant in the instant action.  SCI timely filed its Motion to Intervene thirteen days after the initial complaint was filed in this case and seven days after Plaintiffs filed their motion for preliminary injunction.  *See* Mot. Intervene at 14.  Furthermore, SCI's proposed Opposition was filed on the same day that Defendants filed their Opposition to the Motion for Preliminary Injunction such that no delay resulted.  *Id.*  SCI has a cognizable interest that may be impaired, as the requested relief in the instant case would modify the employment of what SCI defines as "sustainable use conservation" toward wolves in Wisconsin, in which SCI has demonstrated a longstanding interest.  *Id*. at 14–16.  Furthermore, SCI's members who are residents of Wisconsin who have encountered wolves on their land will be affected if the lethal take of depredating wolves is prohibited.  *Id.*  SCI has demonstrated that the government's interests differ from its own in that the FWS as a federal agency "bears an obligation tor represent the interests of all those who enjoy and seek to conserve wolves, including individuals who do not support sustainable use conservation . . . ." *Id*. at 18.

Finally, SCI has standing pursuant to Article III to intervene as of right.  In order "[t]o establish standing under Article III, a prospective intervenor–like any party–must show: (1) injury-in fact, (2) causation, and (3) redressability." *Fund for Animals, Inc. v. Norton*, 322 F.3d at 732–33.  The Court is persuaded by SCI's argument that the conservation approach and certain recreational interests of it and its members would be impeded by the relief requested and

redressed (prevented) in the absence thereof.  Mot. Intervene at 20.

Clearly, all five criteria articulated by the D.C. Circuit for intervention of right under Federal Rule of Civil Procedure 24(a)(2) have been met.[1]

### IV.  CONCLUSION

Based on the aforementioned reasoning, the Court shall GRANT SCI's [11] Motion to Intervene as a Defendant pursuant to Rule 24(a)(2).  An appropriate Order accompanies this Memorandum Opinion.


Date:   August 9, 2006

                                                          /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge

---

[1] Also, while not dispositive, the Court notes that SCI has been granted permission to intervene as of right in at least one similar case.  *See Defenders of Wildlife v. Norton*, 354 F. Supp. 2d 1156, 1159 n.1 (D. Or. 2005).