UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

The Humane Society of the United States, Animal Protection Institute, Friends of Animals and Their Environment ("FATE"), Help Our Wolves Live ("HOWL"), Indigenous Environmental Network, Klamath Forest Alliance, and RESTORE: The North Woods,

                Plaintiffs,

vs.

Dirk Kempthorne, Secretary of the Interior, United States Department of the Interior, H. Dale Hall, Director of the United States Fish and Wildlife Service, and United States Fish and Wildlife Service,

                Defendants,

Safari Club International et al.,

                Defendant-Intervenors.

**Civil No. 06-1279 (CKK)**

---

**PLAINTIFFS' PETITION FOR COSTS, INCLUDING ATTORNEY FEES, UNDER THE ENDANGERED SPECIES ACT, 16 U.S.C. § 1540(g)**

This is an application for costs (including attorney fees) under the Endangered Species Act, 16 U.S.C. § 1540(g)(4) ("ESA"), incurred by The Humane Society of the United States, Animal Protection Institute, Friends of Animals and Their Environment ("FATE"), Help Our Wolves Live ("HOWL"), Indigenous Environmental Network, Klamath Forest Alliance, and RESTORE: The North Woods, (collectively the "Plaintiffs") in connection with this action.

**I.      STATUTORY BASIS:  THE ENDANGERED SPECIES ACT**

The ESA provides that this Court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the Court determines such award is appropriate."  16 U.S.C. § 1540(g)(4).  The United States Supreme Court has held that this language, which is found in several environmental statutes, was "meant to expand the class of parties eligible for fee awards from prevailing parties to *partially prevailing* parties – parties achieving *some success*, even if not major success" on the merits of their claims.  Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 (1983) (emphasis in original).  See also Sierra Club v. U.S. Environmental Protection Agency, 322 F.3d 718, 726 (D.C. Cir. 2003) (explaining Ruckelshaus and awarding attorney fees even though the petitioners achieved only some of the relief sought and even though that relief was obtained not by court-order but by settlement prior to adjudication on the merits).

The Plaintiffs have more than satisfied this standard.  The Plaintiffs commenced this action to obtain declaratory and injunctive relief against the United States Fish & Wildlife Service ("FWS") for issuing a permit to the Wisconsin Department of Natural Resources that authorized the implementation of a lethal depredation control program under Section 10(a)(1)(A) of the ESA, 16 U.S.C. § 1539(a)(1)(A).  This Court granted the Plaintiffs' Motion for Preliminary Injunction, agreeing with the Plaintiffs' argument that the ESA does not permit the FWS to authorize lethal taking of endangered species under Section 10(a)(1)(A) for the purpose of increasing social tolerance.  Subsequently, upon joint motion from the parties, this Court adopted its preliminary injunction order and supporting memorandum opinion as the final adjudication on the merits.  The Plaintiffs did not simply achieve  "some success" in this

litigation, but rather achieved complete success. An award of costs is therefore appropriate within the meaning of the ESA.

## II.     CALCULATION OF ATTORNEY FEES

Attorney fee awards are calculated using the "lodestar" method, whereby a reasonable hourly rate of compensation is multiplied by the number of hours reasonably expended on the litigation. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

### A.     Hourly Rates for Plaintiffs' Attorneys

"An attorney's actual billing rate is presumptively deemed a reasonable rate, provided that the rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Bolden v. J&R Inc., 135 F. Supp. 2d 177, 179 (D.D.C. 2001), citing Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516, 1518-19 (D.C. Cir. 1989). See also Kennecott Corp. v. U.S. Environmental Protection Agency, 804 F.2d 763, 768 n.4. (D.C. Cir. 1986) (upholding the use of actual billing rates in the calculation of the fee request as long as the fees are in line with the prevailing market rates). The reasonableness of billing rates can be evidenced through supporting affidavits. See Covington v. District of Columbia, 57 F.3d at 1109; In re Donovan, 877 F.2d 982, 993 (D.C. Cir. 1989). Courts in the District of Columbia also rely on the Laffey matrix as a benchmark for determining the reasonableness of billing rates. See Covington, 57 F.3d at 1109 (approving reliance on an updated Laffey matrix as a method for demonstrating the reasonableness of attorney fees).

The Laffey matrix is a schedule of hourly rates approved by this Court in Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984). The original Laffey matrix identified reasonable attorney

3

fees for the time period from June 1, 1981 to May 31, 1982; this matrix was subsequently updated by the parties in that case to identify reasonable rates through May 31, 1989. See Salazar v. District of Columbia, 123 F. Supp. 2d 8, 13 (D.D.C. 2000) (explaining the Laffey matrix). See also Covington v. District of Columbia, 839 F. Supp. 894 (D.D.C. 1993) (presenting the 1988-89 Laffey matrix in Appendix A). To further update the Laffey matrix for years beyond 1989, this Court has approved a methodology in which monthly data for the legal services component of the nationwide Consumer Price Index ("CPI") is applied to the original matrix. See Salazar v. District of Columbia, 123 F. Supp. 2d at 13. See also Muldrow v. Re-Direct, Inc., 397 F. Supp. 2d 1, 3 n.3 (D.D.C. 2005) (citing Salazar with approval).[1] The CPI data used to update the Laffey matrix is published by the United States Department of Labor, Bureau of Labor Statistics. The CPI data is available at http://data.bls.gov.

Using the methodology approved in Salazar, Plaintiffs updated the Laffey matrix to reflect reasonable billing rates for the time period between May 31, 2006 and June 1, 2007. Those updated rates are presented in the table below.[2]

---

[1] The U.S. Attorney's Office uses a different methodology for updating the Laffey matrix. The U.S. Attorney's Office uses CPI data for the Washington, D.C. area. Id. But because the CPI does not capture legal services information at the region-specific level, the CPI data used by the U.S. Attorney's Office only reflects regional trends in the general category of "other good and services" and not trends specific to the category of legal services. See Salazar, 123 F. Supp. 2d at 14-15. In Salazar, this Court expressly rejected the idea that the U.S. Attorney's Office Matrix is superior to a Laffey matrix that is updated using the CPI data for nationwide legal services. Id. See http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_5.html for a copy of the U.S. Attorney's Office Matrix.

[2] Plaintiffs relied on data for nationwide legal services, which is located in the database that the Bureau of Labor Statistics refers to as "Consumer Price Index – All Urban Consumers." To update the 1988-1989 Laffey matrix, Plaintiffs compared the CPI data for June 1988 with June 2006. A copy of the CPI data is attached hereto as Exhibit A.

| Experience | Hourly Rates |
|---|---|
| 20+ years | $ 613 |
| 11-19 years | $ 509 |
| 8-10 years | $ 451 |
| 4-7 years | $ 312 |
| 1-3 years | $ 254 |
| Law Clerks and Paralegals | $ 139 |

The Laffey rates, as determined by Plaintiffs for the 2006-2007 time period, are consistent with the rates that the plaintiffs in Muldrow calculated for the 2005-2006 time period using this methodology.  See Muldrow v. Re-Direct, Inc., 397 F. Supp. 2d at 3 (noting that the rate sought for paralegals and clerks was $136 per hour, and the rate sought for attorneys with 4 to 7 years experience was $ 305 per hour).

In this case, Plaintiffs are seeking compensation for their attorneys' actual billing rates. These billing rates are consistent with, if not less than, the prevailing market rates in Washington, D.C.  See Declaration of Kimberly Ockene, attached hereto as Exhibit B, at ¶ 4.  In fact, the billing rates that Plaintiffs are seeking are generally much lower than rates in the updated Laffey matrix.  Moreover, in those instances where the actual billing rates exceed the rates in the updated Laffey matrix – namely for law clerks and paralegals – the Plaintiffs are seeking compensation only in accordance with the updated Laffey matrix.

Two of the Plaintiffs' attorneys – Patricia Lane and Rebecca Judd – are in-house counsel at The Humane Society of the United States ("HSUS") and served as local counsel in this case. Because Ms. Lane and Ms. Judd are employed by a public interest organization, they do not have

regular billing rates. Their hourly rates can therefore be determined by referring to the updated Laffey matrix based on their experience level. See Bolden, 135 F. Supp. 2d at 179 (explaining that "[a]ttorneys who do not charge a billing rate, such as those employed with non-profit or public interest groups, may be compensated at the hourly rates set forth in Laffey").

The lead attorneys in this case are employed at the law firm of Faegre & Benson in Minneapolis, Minnesota. For more than twenty-five years, attorneys at Faegre & Benson, under the leadership of Mr. Brian B. O'Neill, have successfully represented environmental organizations in an ongoing effort to protect endangered species and public lands. See, e.g., Defenders of Wildlife v. Dep't of Interior, 354 F. Supp. 2d 1156 (D. Or. 2005) (successfully challenging the U.S. Fish and Wildlife Service attempt to down-list gray wolves from their endangered species status); Sierra Club v. Bosworth, 352 F. Supp. 2d 909 (D. Minn. 2005) (successfully challenging the Big Grass timber sale on the edge of the Boundary Waters Canoe Area Wilderness); Friends of the Boundary Waters Wilderness v. Bosworth, 437 F.3d 815 (8th Cir. 2006) (successfully challenging the Forest Service's three-fold increase of motor boat quotas in the Boundary Waters Canoe Area Wilderness); Sierra Club v. Clark, 755 F.2d 608 (8th Cir. 1985) (obtaining injunction against the implementation of a sport hunting season of threatened wolves in Minnesota). The collective experience, resources, and expertise of these attorneys underscores the reasonableness of their billing rates, especially given the complex nature of wildlife litigation and the high stakes involved in litigating such precedent-setting issues on behalf of the public interest.

Brief biographies for each of the Plaintiffs' attorneys are provided below, while a more extensive description of their qualifications and expertise can be found at Exhibit C.

1.   **Brian O'Neill (Partner)**

Brian O'Neill has practiced law for over 30 years. He has been a partner at Faegre & Benson since 1981 and has been the Regulatory Litigation Group Head since 1993. Mr. O'Neill is regarded as one of the preeminent trial and appellate attorneys in the United States and he is a Fellow of both the American College of Trial Lawyers and the International Academy of Trial Lawyers. Mr. O'Neill's experience includes serving as the lead plaintiffs' attorney in the federal court trial of <u>In re the Exxon Valdez,</u> (D. Ala. 1994 and 1996) (trying four separate jury trials over a six-month period that resulted in a $5.3 billion verdict for his clients), and arguing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992) (involving application of the ESA to United States projects overseas) in the United States Supreme Court. Mr. O'Neill's normal billing rate is $530 per hour. (Under the updated <u>Laffey</u> matrix, Mr. O'Neill would be compensated at a rate of $618 per hour.)

2.   **Richard A. Duncan (Partner)**

Richard A. Duncan has practiced law for 18 years. He is a partner at Faegre & Benson, where his practice focuses on environmental and antitrust litigation and Indian law. During his career, Mr. Duncan has successfully litigated more than a dozen cases against the federal government on behalf of environmental non-profit organizations, including his recent victory in <u>Utah Association of Counties v. Bush</u>, 316 F. Supp. 2d 1172 (D. Utah 2004). Mr. Duncan's normal billing rate is $375 per hour. (Under the updated <u>Laffey</u> matrix, Mr. Duncan would be compensated at a rate of $513 per hour.)

3.   **Elizabeth Schmiesing (Partner)**

Elizabeth Schmiesing has practiced law for 13 years. She is a partner at Faegre & Benson, where her practice focuses on environmental litigation and regulatory matters. In recent

years, Ms. Schmiesing has served as the direct supervising partner on a substantial number of the environmental litigation matters handled by Faegre & Benson's Minneapolis office, including <u>Friends of the Boundary Waters Wilderness v. Bosworth</u>, 437 F.3d 815 (8th Cir. 2006). Ms. Schmiesing's normal billing rate is $350 per hour. (Under the updated <u>Laffey</u> matrix, Ms. Schmiesing would be compensated at a rate of $513 per hour.)

### 4. Patricia Lane (Senior Attorney)

Patricia Lane has practiced law for over twenty years. <u>See</u> Declaration of Patricia Lane, attached hereto at Exhibit C, at ¶ 2. Currently, Ms. Lane is a Senior Attorney in the Animal Protection Litigation Section of The Humane Society of the United States ("HSUS"). <u>See id.</u> During her nine years with HSUS, Ms. Lane has been involved in over 50 litigation matters involving local, state, and federal actions that affect wildlife and farmed animal species. <u>See id.</u> Before joining HSUS, Ms. Lane handled appellate litigation for the Federal Aviation Administration for thirteen years and served as a state public defender for three years. <u>See id.</u>

Because Ms. Lane is an attorney at HSUS, she does not have a regular billing rate. The updated <u>Laffey</u> matrix indicates that a reasonable hourly rate for an attorney of her experience level would be $618 per hour. Plaintiffs, however, are only seeking compensation for Ms. Lane's times at a rate commensurate with Mr. O'Neill's rate of $ 530 per hour.

### 6. Colette Routel (Associate)

Colette Routel graduated *magna cum laude* from the University of Michigan Law School in 2001. While in law school Ms. Routel served as Contributing Editor to the *Michigan Law Review* and was awarded *Order of the Coif*. Upon graduation, Ms. Routel became an associate at Faegre & Benson, where her practice has focused on Indian law. In addition, Ms. Routel regularly represents environmental non-profit organizations in federal litigation. <u>See, e.g.</u>,

Friends of the Boundary Waters Wilderness v. Bosworth, 437 F.3d 815 (8th Cir. 2006). Ms. Routel's normal billing rate is $250 per hour. (Under the updated Laffey matrix, Ms. Routel's rate would be $315 per hour.)

### 5.    Sanne Knudsen (Associate)

Sanne Knudsen graduated from the University of Michigan Law School in 2002, *magna cum laude*. While in law school Ms. Knudsen served as Contributing Editor to the *Michigan Law Review* and was awarded *Order of the Coif*. Upon graduating, Ms. Knudsen served as a law clerk to the Honorable Ronald M. Gould on the Ninth Circuit Court of Appeal in Seattle, Washington. Ms. Knudsen practiced environmental law at Sidley, Austin, Brown & Wood in Chicago before joining the Regulatory Litigation Group at Faegre & Benson in January of 2005. Her practice focuses on business and environmental litigation. Since joining Faegre & Benson, Ms. Knudsen successfully represented a coalition of environmental organizations in Defenders of Wildlife v. Norton, Civ. No. 05-1573 (ESH) (D.D.C. Sept. 13, 2005) (vacating, on procedural grounds, U.S. Fish and Wildlife Service permits allowing Wisconsin and Michigan to take endangered wolves).

Ms. Knudsen served as the lead attorney in this case. Ms. Knudsen's normal billing rate is $230 per hour. (Under the updated Laffey matrix, Ms. Knudsen's rate would be $315 per hour.)

### 7.    Rebecca Judd (Litigation Fellow)

Rebecca Judd graduated from the Tulane University School of Law with a Certificate of Specialization in Environmental Law. See Declaration of Rebecca Judd, attached hereto at Exhibit C, at ¶ 2. She is currently a litigation fellow at HSUS, id. at ¶ 3, where she assisted Ms. Lane in the preparation and filing of various litigation materials in this case.

Like Ms. Lane, Ms. Judd is an attorney at HSUS and does not have a regular billing rate. According to the updated Laffey matrix Ms. Judd's time should be compensated at a rate of $257 per hour. Plaintiffs, however, are only seeking compensation for Ms. Judd's time at a reduced rate of $200 per hour so that it is more consistent with the rates charged by Faegre & Benson attorneys.

### B. Hourly Rates for Paralegals and Law Clerks

In addition to an award of fees for time spent by the Plaintiffs' attorneys on this litigation, the ESA authorizes an award for time spent by paralegals and law clerks. Defenders of Wildlife v. U.S. Environmental Protection Agency., 700 F. Supp. 1028, 1032 (D. Minn. 1988). Rulings that such time is recoverable under the ESA are consistent with authority interpreting other fee award statutes. Missouri v. Jenkins, 491 U.S. 274, 288 (1989) (allowing recovery under Civil Rights Attorney Fees Award Act for time spent by paralegals and law clerks); In re Donovan, 877 F.2d at 992-993 n.20 (noting that the "law of this Circuit hold that paralegals and law clerks are compensated at their market rate"). In these cases, courts have lauded the use of law clerks and paralegals as reducing the expense of litigation, and have sought to promote their use. See In re Donovan, 877 F.2d at 992-993.

Plaintiffs seek recovery for the following law clerks and paralegals who have worked on this action:

#### 1. Brianna Tindall (Law Clerk)

Brianna Tindall was a law clerk for Faegre & Benson from May 2006 through August 2006. Ms. Tindall is currently a student at the University of Oregon, where she is expected to receive a J.D. in May 2007. She graduated with high honors from Oberlin College with a B.A. in Russian and Eastern European Studies. She also has extensive environmental experience

working with several public interest organizations. Ms. Tindall's full resume is attached at Exhibit C.

Faegre & Benson's normal billing rate for summer law clerks is $150 per hour. Plaintiffs, however, are seeking compensation for Ms. Tindall's time at a rate commensurate with the updated Laffey matrix at a rate of $139 per hour. Applying this rate to the work of Ms. Tindall is especially reasonable in light of the fact that Ms. Tindall functioned as at least a first-year associate in the case; such an associate would have been compensated at a rate of $257 per hour under the Laffey matrix. In particular, because of the high caliber of her work, Ms. Tindall was responsible for developing the factual arguments, conducting much of the legal research, and preparing the initial drafts of some of the pleadings. This division of labor decreased the amount of time that Ms. Knudsen would otherwise have spent preparing this case. For those reasons, a rate of $139 per hour reflects a reasonable hourly rate for Ms. Tindall's time.

### 2. Richard Cox (Paralegal)

Richard Cox holds a Bachelor's degree in Political Science and a Master's Degree in History, both from the University of Missouri. He also received his Paralegal Certificate, with honors from Roosevelt University, Chicago. Richard joined Faegre & Benson in 1988 and is currently part of the Regulatory Litigation Group. Mr. Cox has more than 21 years of experience as a paralegal. His normal billing rate is $175 per hour. Plaintiffs, however, are seeking compensation for Mr. Cox's time at a rate commensurate with the updated Laffey matrix of $139 per hour.

### C. Hours Expended

The Plaintiffs' are entitled to recover fees for the number of hours reasonably expended on this litigation. Time spent preparing this fee petition is also compensable. Sierra Club v. U.S.

Environmental Protection Agency, 769 F.2d 796, 811 (D.C. Cir. 1985).  In assessing the number of hours expended on this litigation, Plaintiffs have ensured that the time claimed is not excessive, redundant, or otherwise unnecessary.  To that end, Exhibit D contains an itemized listing of each time entry incurred for which recovery is sought, while Exhibit E contains a listing of time spent on this matter for which no recovery is sought.

The following is the properly chargeable time incurred by Plaintiffs' attorneys, law clerks and paralegals in this action:

>Brian B. O'Neill (partner) – strategy, oral argument
>   2 hours at $530 per hour = $1060
>
>Patricia Lane (senior attorney) – local counsel, reviewing pleadings and briefs
>   21 hours at $530 per hour = $ 11,130
>
>Richard A. Duncan (partner) – strategy
>   1.6 hours at $375 per hour =  $ 600
>
>Elizabeth H. Schmiesing (partner) – supervising partner, review pleadings
>   7.3 hours at $350 per hour =  $ 2555
>
>Colette Routel (associate) – reviewing pleadings and briefs
>   3.5 hours at $250 per hour = $ 875
>
>Sanne Knudsen (associate) – research and drafting pleadings and briefs
>   142.6 hours at $230 per hour = $ 32,798
>
>Rebecca Judd (litigation fellow) – local counsel, filing
>   13.75 hours at $200 per hour = $ 2750
>
>Brianna Tindall (law clerk) – record review; research and drafting briefs
>   171 hours at $139 per hour = $ 23,769
>
>Richard Cox (paralegal) – cite-checking, preparing exhibits
>   10.20 hours at $139 per hour = $ 1,417

TOTAL ATTORNEY & STAFF FEES REQUESTED:  $ 76,954

These fees are reasonable.  Pursuing this litigation required a tremendous effort by the Plaintiffs' attorneys and staff.  In doing so, however, the senior attorneys properly delegated

work to the most junior attorneys and staff who could complete such work. Indeed, the great majority of the time recorded to this file was time spent by one law clerk and a fourth-year associate. Under these circumstances, the fees requested above should be deemed reasonable.

### III.    CALCULATION OF OTHER COSTS

In addition to attorney fees, the ESA permits the award of other costs, including out-of-pocket expenses such as courier and copying costs, as part of a reasonable fee award. See <u>Sierra Club v. U.S. Environmental Protection Agency</u>, 769 F.2d 796, 812 (D.C. Cir. 1985) (awarding costs as part of a fee petition filed under the Clean Air Act, which contains language identical to the ESA's attorney fees provision). See also <u>Bolden v. J&R Inc.</u>, 135 F. Supp. 2d 177, 182 (D.D.C. 2001) (concluding that costs for filing fees, duplication, postage, courier services, computerized research, and deposition transcriptions are reasonable). The costs itemized below were incurred in this case, are ordinarily charged to Faegre & Benson's clients, and are recoverable here:

| | |
|---|---|
| Copying/binding | $   113.70 |
| Overnight Delivery | $     59.24 |
| Metro Delivery | $     18.92 |
| Telephone/facsimile | $     17.13 |
| Lexis/Westlaw[3] | $ 6,667.18 |
| Court Filing/Transcript Fees | $   350.00 |
| Certified Mail | $       9.28 |
| Books/ Publications[4] | $   296.96 |
| TOTAL COSTS: | $ 7,532.41 |

An itemized breakdown of these costs are presented in Exhibit F.

---

[3] Plaintiffs have reduced the computerized research charge by $2921.82, which are charges incurred on August 2, 2006. See Exhibit F.

[4] These were costs incurred (before the administrative record was made available) to obtain copies of publications cited by the FWS's decision documents in support of its theory that killing depredating wolves was necessary to increase social tolerance. These costs were necessary to develop the factual arguments in support of Plaintiffs' motion for preliminary injunction.

**CONCLUSION**

For the foregoing reasons, this Court should grant the Plaintiffs' Petition for Costs, Including Attorney Fees, Under the Endangered Species Act, in the amount of $ 84,486.41.

Respectfully submitted,

Dated: September 22, 2006

/s/ Sanne H. Knudsen
/s/ Patricia Lane
Patricia Lane, DC # 382842
plane@hsus.org
Jonathan R. Lovvorn, DC # 461163
jlovvorn@hsus.org
The Humane Society of the United States
2100 L Street
NW Washington DC 20037
(202) 955-3669
(202) 778-6132 (facsimile)

Brian B. O'Neill, MN # 82521
boneill@faegre.com
Richard A. Duncan, MN # 192983
rduncan@faegre.com
Elizabeth H. Schmiesing, MN # 229258
eschmiesing@faegre.com
Sanne H. Knudsen, MN # 0344552
sknudsen@faegre.com
**FAEGRE & BENSON LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000
(612) 766-1600 (facsimile)

Attorneys for Plaintiffs The Humane Society of the United States, Animal Protection Institute, Friends of Animals and Their Environment ("FATE"), Help Our Wolves Live ("HOWL"), Indigenous Environmental Network, Klamath Forest Alliance, and RESTORE: The North Woods.